UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT MAZZONI,

                Plaintiff

                                              16 Civ.
      v.

                                              JURY TRIAL REQUESTED

LONG ISLAND RAILROAD COMPANY,

                Defendant
---------------------------------------------------------------X

## COMPLAINT

Plaintiff, by his attorneys Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of New York, County of Nassau, and City of Bellmore.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court with a usual place of business in this District.

3. Prior to February 26, 2015, and at all times hereinafter mentioned, the defendant employed the plaintiff as a truck driver under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to February 26, 2015, and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Richmond Hill Facility in Queens, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant is engaged in interstate commerce by providing railroad transportation among the states of New York, Connecticut and New Jersey.

## JURISDICTION AND VENUE

6. The plaintiff, Robert Mazzoni, brings the First Cause of Action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 (FRSA).

7. The plaintiff brings the Second Cause of Action against the defendant for violation of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq. (FELA).

8. This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3) and pursuant to 45 U.S.C. §56.

9. Venue is proper in this District because defendant is subject to personal jurisdiction in this District and maintains a yard and headquarters here.

## PROCEDURAL FACTS

10. On March 15, 2016, the plaintiff filed a FRSA Complaint with the Secretary of Labor's Regional OSHA Whistleblower Office. (Exhibit 1).  That was within 180 days from the date the plaintiff became aware of the defendant's adverse or unfavorable personnel action against him.

11. The Regional OSHA Whistleblower Office commenced its investigation, and the plaintiff fully cooperated with OSHA's investigation.  However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint.  The delay was not due to any bad faith on the part of the plaintiff.

12. Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. § 20109(d)(3).

13. Pursuant to 49 U.S.C. § 20109(d)(3), the plaintiff now is bringing this original action at law and equity for *de novo* review by the United States District Court of the Southern District of New

York, which Court has jurisdiction over this FRSA action and FELA action without regard to the amount in controversy.

## FACTS

14. At the time of the defendant's FRSA violations, the plaintiff was employed by the defendant as a truck driver, and qualified as an employee within the meaning of 49 U.S.C. § 20109.

15. On February 26, 2015, the plaintiff was working as a truck driver when he was pushing a wheel-set off of a truck bed when he felt back pain.

16. The wheel set that defendant required Mr. Mazzoni to push was well in excess of the restrictions in his job description as well as beyond that of any mere mortal.

17. Defendant did not provide any mechanical assistance for movement of the wheel set.

18. At the time it happened Mr. Mazzoni did not know that he had suffered any type of injury.

19. However, upon getting up the following morning on February 27, 2015, it became clear to Mr. Mazzoni that he had sustained an injury the prior day.

20. As a result, Mr. Mazzoni reported his injury to a supervisor, advising that he would be unable to work on account of an injury suffered the prior day.

21. Mr. Mazzoni then received medical treatment and advice from his doctor to remain absent from work and undergo additional treatment for his back injury.

22. According to his personal medical doctor, Mr. Mazzoni continued to remain unable to return to work due to his injury suffered on February 26, 2015 and underwent surgery.

23. Mr. Mazzoni was charged with company rule violations as a result of his reporting of the injury and following doctor's orders in connection with that injury.

24. As a result of defendant's conduct, the plaintiff suffered various economic harms as well as emotional distress and mental anguish.

## COUNT I
## Violation of FRSA

25. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

26. The plaintiff engaged in protected activity under the FRSA when he reported an on-the-job injury and related safety hazards, as well as violations of federal railroad safety regulations.

27. The defendant had knowledge of all the protected activities referenced above.

28. The defendant took adverse or unfavorable actions against the plaintiff in whole or in part due to plaintiff's protected activities when it charged plaintiff with company rule violations in connection therewith, denied him medical treatment and cut him off from benefits that would have been provided to him if he was not being penalized for his work-related injury, all the result of the protected activity.  In so doing, the defendant acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

WHEREFORE, in order to encourage employees to freely report all injuries and safety concerns without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to: expungement of all references to any disciplinary action; lost benefits with interest; lost wages with interest; compensatory damages for economic losses due to defendant's conduct; compensatory damages for mental anguish and emotional distress due to defendant's conduct; the statutory maximum of punitive damages; and special damages for all litigation costs including expert witness fees and attorney fees.

## COUNT II
## Violation of FELA

29. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

30. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

31. On or about February 25, 2015, while the plaintiff, an employee of the defendant, was in the performance of his duties as a truck driver at the Richmond Hill Facility in Queens, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to provide a crane to move the wheel sets;

    c. in failing to provide adequate manpower;

    d. in failing to warn plaintiff;

    e. in failing to provide proper equipment;

    f. in employing unreasonably unsafe procedures;

    g. in directing plaintiff to perform activities which defendant knew or should have known were beyond plaintiff's safe capabilities; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, including but not limited to his back, requiring surgery.

32. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

33. The plaintiff was damaged thereby in the sum of $1,000,000.00.

WHEREFORE, plaintiff Robert Mazzoni demands judgment against the defendant on Count I in the sum of FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS together with attorney fees, litigation costs and punitive damages; and, plaintiff Robert Mazzoni demands judgment against the defendant on Count II in the sum of ONE MILLION ($1,000,000.00) DOLLARS together with the costs and disbursements of this action.

Dated: December 5, 2016               Respectfully submitted

By: _____
MARC WIETZKE
Attorneys for Plaintiff
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com