USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT MAZZONI,

              Plaintiff,

       -v-

LONG ISLAND RAILROAD COMPANY,

              Defendant.
------------------------------------------------------------X

**OPINION AND ORDER**

16-CV-9366 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

A jury trial in this case, brought under the Federal Employers' Liability Act, is scheduled to commence on June 18, 2018. On June 1, 2018, Defendant Long Island Railroad Company filed a motion *in limine* requesting permission to introduce two items of evidence as part of its direct case, both involving its former employee, Jose Alcalde: (1) portions of the transcript of Alcalde's deposition taken on August 1, 2017; and (2) Alcalde's written statement, dated April 25, 2016, given to the LIRR Office of the General Counsel. Plaintiff Robert Mazzoni has opposed Defendant's motion. For the reasons set forth below, Defendant's motion is denied.

**A.    Relevant Background**

The Court assumes familiarity with the factual allegations and procedural history of this case, and thus summarizes only the background relevant to Defendant's motion *in limine*.

In his amended complaint, Plaintiff alleges that he suffered an injury on February 26, 2015 while employed by Defendant (Dkt. No. 5, ¶¶ 15–19). Alcalde, a

1

former employee of Defendant, worked with Plaintiff on the day of his alleged injury. On April 25, 2016, Alcalde provided a written statement to the LIRR Office of the General Counsel about the events surrounding Plaintiff's alleged injury (the "LIRR Statement"). On August 1, 2017, the parties took Alcalde's deposition (the "Discovery Deposition"). Discovery closed on October 31, 2017 (Dkt. No. 27).

On March 7, 2018, the parties filed a proposed joint pretrial order in which Defendant listed Alcalde as an "in person" trial witness (Dkt. No. 39 at 5). On March 29, 2018, the parties attended a pretrial conference. During the conference, Plaintiff's counsel first "learned that Mr. Alcalde had retired from the railroad and apparently moved out of the country" (Dkt. No. 53-1 at 2). Accordingly, on May 1, 2018, Plaintiff's counsel filed a letter requesting that the Court so-order a subpoena authorizing Alcalde's *de bene esse* deposition, as Alcalde appeared to be "in the New York Metropolitan area" at the time (Dkt. No. 49). The Court so-ordered the subpoena (Dkt. No. 51), and the parties took Alcalde's *de bene esse* deposition on May 4, 2018 (the "*de bene esse* Deposition").

On June 1, 2018, Defendant filed its motion *in limine* requesting permission to use the Discovery Deposition and the LIRR Statement as part of its direct case (Dkt. No. 52). On June 8, 2018, Plaintiff filed its opposition to Defendant's motion (Dkt. No. 53).

**B.     The Discovery Deposition**

In its motion *in limine*, Defendant states that it "intends to read portions" of the Discovery Deposition "on its direct case" (Dkt. No. 52 at 1). Defendant contends

2

that it may do so because Alcalde is an "unavailable" witness within the meaning of Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure. Plaintiff disputes Defendant's contention that Alcalde should be deemed an "unavailable" witness.[1]

The Second Circuit's decision in *Manley v. AmBase Corp.*, 337 F.3d 237 (2d Cir. 2003) is instructive in resolving the issue presented. In *Manley*, an attorney (the plaintiff) sued a corporation (the defendant) due to its failure to indemnify the plaintiff for a multimillion dollar settlement the plaintiff had paid in connection with a bankruptcy proceeding. Prior to trial, the parties deposed the defendant's corporate chairman on two occasions: once during discovery, and another time in a *de bene esse* deposition that the district court had ordered "when it appeared that the eighty-year old" former chairman "would not travel to New York for trial." *Id.* at 247. The plaintiff prevailed at trial, but the district court granted a new trial on the basis that the evidence did not support the jury's verdict. At the second trial, plaintiff was excluded from introducing excerpts of the chairman's discovery deposition. The defendant prevailed at the second trial. The plaintiff moved for a new trial and argued that the district court erred by, *inter alia*, excluding excerpts of the chairman's discovery deposition from the second trial.

The Second Circuit affirmed the judgment against the plaintiff and concluded that it was not an abuse of discretion for the district court to have excluded the statements made by the chairman during his discovery deposition. In so concluding, the Second Circuit rejected the plaintiff's argument that the chairman

---

[1] Neither party cites any case law in support of its respective position on this particular issue (*see* Dkt. No. 52 at 1–2; Dkt. No. 53-1 at 3–4).

3

"was not available to testify at trial" and thus that excerpts of the discovery deposition should have been admitted. *Id.* at 247. The Second Circuit explained that the plaintiff's argument "ignore[d] the district court's directive that [the chairman's] *de bene esse* deposition 'substitut[e] for trial testimony' and that the parties conduct themselves at this deposition 'as though [they] were at trial.'" *Id.* at 248. The Second Circuit added that "[e]xperienced counsel would understand this instruction to mean that [the chairman] would not be viewed as an 'unavailable' trial witness within the meaning of Rule 804(b)(1). Rather, his *de bene esse* testimony would be admitted as the equivalent of trial testimony, with impeachment governed by Fed. R. Evid. 613(b)." *Id.*

The Second Circuit's rationale in *Manley* is applicable here. Alcalde's *de bene esse* Deposition was authorized specifically because of his apparent unavailability to testify at trial, as he had retired from the LIRR and now resides abroad. Under these circumstances, the parties were aware that the *de bene esse* Deposition was intended to substitute for Alcalde's "live" testimony at trial. Because the *de bene esse* Deposition took place, and video of that deposition is admissible as evidence at trial, Alcalde cannot be considered an "unavailable" witness under Rule 32(a)(4)(B).

Indeed, during the *de bene esse* Deposition, Defendant's counsel questioned Alcalde about some of the statements he had made during the Discovery Deposition (*see* Dkt. No. 53-4 at 52–55). That Defendant's counsel asked these questions suggests that she was aware that the *de bene esse* Deposition was essentially her last opportunity to question Alcalde about the statements he had made during the

4

Discovery Deposition. *See, e.g., Manley*, 337 F.3d at 248 ("The fact that [plaintiff's] counsel did question [the chairman] at the *de bene esse* deposition with respect to certain aspects of his discovery deposition undermines [plaintiff's] argument that he did not understand the significance of that proceeding").

In light of the reasoning in *Manley*, Alcalde cannot be characterized as an "unavailable" witness under Rule 32(a)(4)(B). Defendant's request to read portions of the Discovery Deposition as part of its direct case is therefore denied.[2]

## C. The LIRR Statement

Defendant contends that the LIRR Statement is excluded from the ordinary hearsay rules, and thus admissible at trial, under Rules 801(d)(2) and 801(d)(1)(A) of the Federal Rules of Evidence. This contention is meritless.

The hearsay exclusion under Rule 801(d)(2) applies when a statement is "offered against an opposing party" and the statement is, among other things, made by the opposing party itself or its agent. *See* Fed. R. Evid. 801(d)(2)(A), (D). The hearsay exclusion does not apply to statements made by witnesses who do not qualify as an "opposing party" or agents of such party. *See, e.g., Knox v. Town of Se.*, No. 11-CV-8763 (ER), 2014 WL 1285654, at *12 n.16 (S.D.N.Y. Mar. 31, 2014)

---

[2] Plaintiff opposes Defendant's request concerning the Discovery Deposition on other grounds, including that the deposition transcript is inadmissible because Alcalde did not review and sign it, and that Defendant cannot use the Discovery Deposition because Defendant failed to cite it in the parties' joint pretrial order. Given its ruling on Alcalde's availability through the *de bene esse* Deposition, the Court will not address Plaintiff's other arguments in this Opinion. If during the trial Defendant attempts to offer and Plaintiff objects to that part of the *de bene esse* Deposition where Alcalde is asked questions about his testimony in the Discovery Deposition, the Court will resolve that objection at that time.

5

(finding that "the hearsay exception for admissions by a party opponent is clearly not applicable" where "alleged out-of-court statements" were made by two witnesses, "neither of whom is a party to this action"), *aff'd*, 599 F. App'x 411 (2d Cir. 2015); *Dora Homes, Inc. v. Epperson*, 344 F. Supp. 2d 875, 885 (E.D.N.Y. 2004) (Rule 801(d)(2)(D) did not apply to statements by out-of-court declarants who were independent contractors and not an "opposing party").

Here, Defendant seeks to offer a written statement made by Alcalde (*i.e.*, the LIRR Statement) against Plaintiff. Alcalde, however, is neither an "opposing party" himself nor an agent or employee of an opposing party, to wit, Plaintiff. Rule 801(d)(2) is thus inapplicable and cannot serve as a basis for the admission of the LIRR Statement.

Unlike Rule 801(d)(2), Rule 801(d)(1)(A) is not limited to statements made by an "opposing party" or its agents. Under Rule 801(d)(1)(A), a prior inconsistent statement made by a declarant is not considered to be hearsay if that statement "was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." In the absence of proof that the prior statement was given at a "trial, hearing, or other proceeding," however, the statement will generally be considered inadmissible. *See, e.g.*, *United States v. Lisyansky*, No. 11-CR-986 (GBD), 2014 WL 1046750, at *3 (S.D.N.Y. Mar. 13, 2014) (where statement "was not made under penalty of perjury," the statement "could not be offered for the truth of the matter asserted under Federal Rule of Evidence 801(d)(1)(A)"), *aff'd*, 806 F.3d 706 (2d Cir. 2015); *Grancio v. De Vecchio*, 572 F. Supp. 2d 299, 312 (E.D.N.Y. 2008) (statements

6

made in "private interviews" did not qualify under Rule 801(d)(1)(A)); *see also Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) (witness who met with attorney and signed affidavit prepared by the attorney did not present circumstances constituting an "other proceeding" within the meaning of Rule 801(d)(1)(A)).

In this case, Defendant has provided no information that the LIRR Statement was given by Alcalde "under penalty of perjury at a trial, hearing, or other proceeding or in a deposition," as required by Rule 801(d)(1)(A). Therefore, Defendant fails to demonstrate that the LIRR Statement is admissible under this exclusion to the hearsay rules.

Finally, Defendant contends that the LIRR Statement is admissible under the Second Circuit's decision in *Di Carlo v. United States*, 6 F.2d 364 (2d Cir. 1925). *Di Carlo*, however, is inapposite. In that case, the defendants were indicted on various charges involving their assault upon a victim. Shortly after he was assaulted, the victim had identified the defendants to the police as his assailants. However, prior to trial, the victim was himself convicted and sentenced for certain crimes. At trial, a number of witnesses testified that the victim had made out-of-court statements identifying the defendants as his assailants. Defendants challenged the admission of the victim's out-of-court statements on the basis that he had a motive to lie—specifically, that the victim sought to cooperate with the authorities (by lying) in the hope of reducing his own criminal sentence. The district court ruled that the victim's out-of-court statements identifying the defendants were admissible, and the Second Circuit affirmed. The Second Circuit

7

reasoned that "when the veracity of a witness is subject to challenge because of motive to fabricate, it is competent to put in evidence statements made by him consistent with what he says on the stand, made before the motive arise." *Id.* at 366. In other words, if a witness testifies the same way both before and after a "motive to fabricate" arises, such testimony tends to suggest that the witness is being truthful despite the existence of a motive to lie.

Here, as Plaintiff points out, Alcalde had no "motive to fabricate" at any time. Moreover, as Plaintiff also observes, in this case the LIRR Statement is actually *inconsistent* in material respects with Alcalde's testimony in his *de bene esse* Deposition, which makes the rationale of *Di Carlo* inapplicable.

**D.   Conclusion**

For the foregoing reasons, Defendant's motion *in limine*, in which it requests permission to use the Discovery Deposition and the LIRR Statement as part of its direct case, is denied.

**SO ORDERED.**

Dated: New York, New York
       June 15, 2018

_____
JAMES L. COTT
United States Magistrate Judge